UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD CHAPEL,

        Plaintiff,

   v.

BAC HOME LOANS SERVICING, LP, et al.,

        Defendants.

CASE NO. C11-5882BHS

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

This matter comes before the Court on Defendants' motion to dismiss all claims in the complaint for failure to state a claim upon which relief can be granted (Dkt. 10). The Court has considered the pleadings filed in support of, and in opposition to, the motion and the remainder of the file. For the reasons set forth herein, the Court grants in part and denies in part the motion.

**I. PROCEDURAL AND FACTUAL HISTORY**

This matter arises out of a mortgage loan obtained by Plaintiff Richard Chapel ("Chapel") from Defendant CMG Mortgage, Inc. ("CMG") to finance real property

located at 5405 N.E. 95th Street, Vancouver, WA 98665 ("Property").  Dkt. 3-1 at 21-22.
The Deed of Trust executed in connection with the promissory note identifies Chapel as the borrower, CMG as the lender, Fidelity National Title as trustee, and Mortgage Electronic Registrations Systems, Inc. ("MERS") as the beneficiary acting "solely as a nominee for Lender and Lender's successors and assigns."  Dkt. 3-2 at 1.  On March 31, 2010, an Assignment of Deed of Trust dated March 10, 2010, was recorded in Clark County, Washington showing a transfer of MERS' interest in the Deed of Trust to BAC Home Loans Servicing, LP ("BANA").  *See* Dkt. 3-2 at 18.  Also on March 31, 2010, BANA appointed ReconTrust Company, NA ("ReconTrust") as the successor trustee under the Deed of Trust.  Dkt. 3-2 at 19-21.

According to the complaint, in February of 2009 Chapel began experiencing financial difficulty and contacted BANA to request assistance or a modification of his loan.  Dkt. 3-1 at 22.  Chapel states that, after receiving foreclosure notices, he

> submitted at least 15 formal requests for assistance in early 2010, and continued to make formal requests and applications, supply information, and jump through hoops set up by [BANA] as part of a supposed loan workout program.  [BANA,] and later BOA, provided [Chapel] with incompetent, inadequate and inefficient customer service; directed [Chapel] to multiple addresses, departments, and inoperative email addresses; lost documents submitted by [Chapel]; failed to respond, or timely respond, to [Chapel's] requests for assistance; and failed to offer, or timely offer, affordable or reasonable loss mitigation options to [Chapel].  [BANA] strung [Chapel] along with assurances of his qualification for and their provision of a workable loan modification.  However, [BANA's] fee-generating servicing activities and conduct actually made it more difficult for [Chapel] to become current on the loan.

*Id*.

BANA recorded Notices of Trustee's Sale on three different dates in 2010 and 2011. *Id.* The most recent Notice of Trustee's Sale, recorded on July 21, 2011, by ReconTrust, scheduled the sale for October 21, 2011, and showed ongoing default from April of 2009 and total arrears of $51,158.08. Dkt. 11-1 at 2-6. A Notice of Discontinuance of Trustee's Sale was recorded on November 7, 2011. Dkt. 17-1 at 2.

On September 26, 2011, Chapel filed the complaint in Clark County Superior Court. Dkt. 3-1 at 19-29. Chapel alleges causes of action for: (1) Quiet Title against Defendants; (2) Unlawful Foreclosure/Declaratory Relief against BANA, MERS, and ReconTrust; and (3) Breach of Contract – Implied Covenant of Good Faith and Fair Dealing against BANA, MERS, and Bank of America. *Id*. at 26-29. On October 26, 2011, Defendants removed the case to this Court. Dkt. 1.

On November 3, 2011, Defendants filed the instant motion to dismiss for failure to state a claim upon which relief can be granted (Dkt. 10). On December 9, 2011, Chapel responded (Dkt. 15) and on December 20, 2011, Defendants replied (Dkt. 19-1).

## II. DISCUSSION

**A.     Standard**

Defendants move to dismiss with prejudice all of Chapel's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. 10. Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the

lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). A court accepts the factual allegations in the complaint as true for purposes of deciding the motion to dismiss. *Id*. To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell v. Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555-56 (internal citations omitted). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

**B.  Quiet Title Claim**

In his response to Defendants' motion to dismiss, Chapel requests that his quiet title claim be dismissed without prejudice because the foreclosure sale has not yet occurred and the claim is not ripe for review. Dkt. 15 at 4. The doctrine of "ripeness is a means by which federal courts may dispose of matters that are premature for review because the plaintiff's purported injury is too speculative and may never occur." *See Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). Accordingly, the Court concludes that Chapel's quiet title claim will be dismissed without prejudice because the Court lacks jurisdiction to consider the merits of the claim. *See id*. at 1122 ("The Article III case or controversy requirement limits federal courts'

subject matter jurisdiction by requiring, inter alia, that plaintiffs have standing and that claims be 'ripe' for adjudication.").

C. **Declaratory Relief/Wrongful Foreclosure**

To establish a claim for declaratory relief, there must be "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant issuance of a declaratory judgment." *Marin v. Lowe*, 8 F.3d 28 (9th Cir. 1993). Unless an actual controversy exists, the district court is without power to grant declaratory relief. *See Dairies v. Alcatel, S.A.*, 105 F. Supp. 2d 1153, 1155 (E.D. Wash. 2000) (quoting *Garcia v. Brownell*, 236 F.2d 356, 357-58 (9th Cir. 1956)).

As an initial matter, the Court notes that Chapel does not provide a substantive response to Defendants' motion on the issues of the "show me the Note" argument. *See* Dkt. 15. Accordingly, under Local Rule 7(b)(2), the Court can assume that Chapel agrees this argument is untenable. *Id.* (stating that "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit.") Regardless, as this Court has previously held, the Court concludes that Chapel's theory regarding the original note is without merit. *See, e.g.*, *Vawter v. Quality Loan Service Corp. of Washington*, 707 F. Supp. 2d 115 (W.D. Wash. 2010) (stating that the Deed of Trust Act does not require lenders to produce the original Note).

In addition, Chapel concedes that his claim for a declaration of wrongful foreclosure for actual damages is moot based on the fact that a foreclosure sale has not taken place. *See* Dkt. 15 at 10.

### 1. The Role of MERS

Chapel alleges that "MERS is not a true beneficiary under the trust deed, that MERS did not hold the rights or authority of the lender under the trust deed, and that MERS did not hold and could not transfer the subject promissory note, rendering assignment of the trust deed by MERS ineffective or void." Dkt. 15 at 6. Defendants maintain that Chapel signed a Deed of Trust that specifically states that "MERS acts 'as nominee for Lender and Lender's successors and assigns' and that MERS 'has the right: to exercise any or all of those interests [granted by the borrower in the Deed of Trust], including, but not limited to, the right to foreclose and sell the Property; and to take any action required of the Lender . . . .'" Dkt. 19-1 at 4 (quoting Dkt. 3-2 at 3). The argument that MERS is not a proper beneficiary because MERS only tracks deeds instead of actually holding the deed has been consistently rejected by this court. *See, e.g.*, *Vawter v. Quality Loan Service Corp. of Washington*, 707 F. Supp. 2d 1115, 1125-26 (W.D. Wash. 2010); *Daddabbo v. Countrywide Home Loans, Inc.*, No. C09-1417RAJ, 2010 WL 2102485 (W.D. Wash., May 20, 2010); *Moon v. GMAC Mortgage Corp.*, No. C08-969TSZ, 2008 WL 4741492 (W.D. Wash., Oct. 24, 2008). Chapel has failed to allege facts or advance an argument that distinguishes his case from these recent cases. Therefore, the Court is inclined to grant Defendants' motion to dismiss on Chapel's claims that rely on his argument regarding the role of MERS.

The Court, however, has stayed adjudication based on a related question being certified to the Washington Supreme Court. *See Bain v. OnveWest Bank, F.S.B.*, No. C09-0149JCC (W.D. Wash. March 15, 2011). Therefore, the Court will reserve ruling

on this issue because of the possibility of the state court decision and the effect it may have on the Court's consideration of Chapel's claim for declaratory relief.

### 2. Additional Bases for Declaratory Relief

Because the Court concludes that the theory regarding the separation of the Deed of Trust and the promissory note, as well as Chapel's other claims that Defendants violated the Deed of Trust Act, may be related to the role of MERS as a beneficiary, the Court will reserve ruling on the entire claim for declaratory relief.

## D. Breach of the Implied Covenant of Good Faith and Fair Dealing

"There is in every contract an implied duty of good faith and fair dealing. This duty obligates the parties to cooperate with each other so that each may obtain the full benefit of performance." *Badgett v. Security State Bank*, 116 Wn.2d 563, 569 (1991). However, the duty does not "inject substantive terms into the parties' contract," nor does it "extend to obligate a party to accept a material change in the terms of its contract." *Id.* (internal quotation marks omitted). Rather, the duty "requires only that the parties perform in good faith the obligations imposed by their agreement." *Id.* Accordingly, "the duty arises only in connection with terms agreed to by the parties." *Id.*

### 1. MERS

For the reasons stated above, the Court reserves ruling on Chapel's claim for breach of the implied covenant of good faith and fair dealing based on the role of MERS pending the Washington Supreme Court's decision on the certified question regarding MERS.

**2. BANA**

In addition to the arguments involving MERS, Chapel contends that BANA breached the implied covenant of good faith and fair dealing "by failing to provide timely, appropriate customer service; by assessing excessive fees for its purported services; by acting without authority or verifying information; and by violating the DTA." Dkt. 15 at 12. Chapel states that while the promissory note or Deed of Trust do not prevent BANA from servicing, assessing fees, or foreclosing the loan, Chapel maintains that BANA had considerable discretion in these activities. *Id*. Specifically, according to Chapel, BANA had discretion to: accept and apply funds, decide how to protect property and interest, assess loan charges, use acceleration and remedies, and apply attorneys fees. *Id*. (citing Dkt. 3-2 at 21-28). Chapel maintains that BANA abused its discretion in accelerating the loan, initiating foreclosure and assessing fees for those services. *Id*. Defendants argue that Chapel's claim must fail because, even if BANA acted as Chapel alleges, he cannot show which terms of the contract give rise to his claim. Dkt. 10 at 12-13.

The Court concludes that Defendants' motion to dismiss should be granted on this issue based on Chapel's failure to show which terms of the contract give rise to his claim for breach of the duty of good faith and fair dealing. However, the Court's dismissal is without prejudice to Chapel amending his complaint to allege the specific terms he believes give rise to the alleged breach.

### E. Conclusion

For the reasons stated above, the Court makes the following conclusions: (1) Chapel's claims for wrongful foreclosure/declaratory injunction based on the original note theory are dismissed with prejudice; (2) Chapel's quiet title claim is dismissed without prejudice; (3) Chapel's claim for economic damages based on wrongful foreclosure is dismissed without prejudice; (4) Chapel's claim for breach of the implied duty of good faith and fair dealing based on BANA's specific activities is dismissed without prejudice; and (5) the Court reserves ruling on Defendants' motion on Chapel's claims related to the role of MERS as beneficiary.

### III. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss is **GRANTED in part** and **DENIED in part** as discussed herein.

Dated this 6th day of March, 2012.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge